UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. VANVELZOR, ) | |
| ) | 3:10-cv-085 JWS |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| CENTRAL GARDEN & PET CO. and ) | [RE: Motions at dockets 11 and 25] |
| PETCO ANIMAL SUPPLIES, INC., ) | |
| ) | |
| Defendants. ) | |

## I. MOTIONS PRESENTED

At docket 11 plaintiff Mark A. Van Velzor moves for an order remanding this case to the Superior Court for the State of Alaska at Palmer. The motion has been fully briefed. Plaintiff filed a motion requesting oral argument. However, because oral argument would not assist the court that request will be denied.

## II. DISCUSSION

A party may remove a case to this court if it is one over which this court could have exercised original jurisdiction,[1] provided the removal is timely.[2] Among the cases over which this court has original jurisdiction are cases between citizens of different

---

[1] 28 U.S.C. § 1441.

[2] 28 U.S.C. § 1446.

states where the amount in controversy exceeds $75,000.[3] Defendants removed the case on the basis of diversity jurisdiction after plaintiff served their counsel with a copy of his First Amended Complaint which increased the amount of money recited in his prayer for relief from $33,741.00[4] to $ 264,928.[5]

A copy of the First Amended Complaint was received by counsel for defendants on April 13, 2010. Prior to that the record discloses that the amount in controversy was less than $75,000. The notice of removal was filed on April 29, 2010. The notice of removal was therefore filed within the 30 day period permitted by statute.[6]

In his original complaint, as well as in the First Amended Complaint, plaintiff averred that he had been a resident of the State of Alaska since November of 2007. The defendants are each citizens of the State of California. Plaintiff does not assert that either defendant is a citizen of Alaska, but he argues that the record establishes only that he is a resident, not a citizen, of Alaska. He points out that in his state court complaint he did not aver (he uses the word "avert") that he was a citizen of Alaska. This is true, but not enough to win the day. It is entirely reasonable to draw the inference that a person who avers he has been living in Alaska for more than two years when he files a complaint and lists an Alaska address on his pleadings is, indeed, a citizen of Alaska. This is especially true where plaintiff has done nothing to show that

---

[3] 28 U.S.C. § 1332.

[4] Doc. 1-1 at p. 10.

[5] Doc. 6-4 at pp. 13-14. (The First Amended Complaint is so long that is actually spans portions of two docket numbers, docs. 6-3 and 6-4.)

[6] 28 U.S.C. § 1446(b).

-2-

this obviously reasonable inference is not true. The court concludes that defendants have adequately established diversity of citizenship.

Plaintiff also argues that there is not $75,000 in controversy, because his First Amended Complaint was not accepted by the State Court. It was rejected because he failed to first file a motion to amend his complaint as required by the Alaska Rules of Civil Procedure. A comparison of the two complaints shows that the amount specifically requested in the prayer for relief increased from $33,741 to $264,928. In the First Amended Complaint, plaintiff spelled out that he was seeking recovery for four incidents from each of the two defendants. In other words, he asked for $264,928 believing it was the product reached by multiplying $33,741 first by four to account for four incidents, and then by two to account for two defendants. It may be noted that the actual figure should be $269,928. The court assumes the $264,928 recited in the First Amended Complaint reflects an arithmetical error.

While the First Amended Complaint was returned by the state court because no motion to amend had yet been filed, the state court record also includes plaintiff's belatedly filed motion to accept the amended pleading on April 16, 2010.[7] That motion had not been ruled upon prior to removal of the case to this court, but it provided additional notice to defendants of just how much was at stake. Even if the First Amended Complaint were not considered evidence of how much was "in controversy", the motion in the state court in which plaintiff contends that he is entitled to file an

---

[7]Doc. 6-2 at pp. 37-42.

-3-

amended complaint seeking more than $260,000 establishes that the amount "in controversy" at the time of removal from the state court was in excess of $75,000.

To avoid the obvious conclusion that the dispute between the parties put more than $260,000 into controversy, plaintiff cites several cases which he contends support the proposition that because the First Amended Complaint had not been accepted for filing, the amount in controversy was not in excess of $75,00. However, they are all easily distinguished on their facts from the case at bar in which it is not only the First Amended Complaint, but also plaintiff's motion to amend that show he wants to recover a sum well in excess of the jurisdictional minimum.

## III. CONCLUSION

For the reasons above, the motion to remand at docket 11 and the motion for oral argument at docket 25 are each **DENIED**.

DATED at Anchorage, Alaska this 13th day of August 2010.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE