UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. VAN VELZOR, ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00085 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| CENTRAL GARDEN & PET ) COMPANY, *et al.*, ) | [Re: Motion at Docket 49] |
| ) | |
| Defendants. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 49, defendants move pursuant to Local Rule 54.3(a)(2) for an award of attorneys' fees. The motion is unopposed.

## II. BACKGROUND

Plaintiff Mark A. Van Velzor ("plaintiff" or "Mr. Van Velzor") maintained that defendants Central Garden & Pet Company and Petco Animal Supplies Stores, Inc. (collectively "defendants") sold a substrate that harmed his monitor lizard. Plaintiff initially filed suit in Alaska state court and asserted claims for products liability and unfair trade practices based on the alleged misrepresentation of the substrate's suitability for monitor lizards. The case was removed on the basis of diversity jurisdiction.[1]

---

[1] *See, e.g.*, doc. 26 (denying plaintiff's motion to remand).

On October 5, 2010, plaintiff moved for leave to amend his complaint.[2] On October 29, 2010, the court granted plaintiff's motion and ordered the plaintiff to file his amended complaint within 14 days.[3] On November 24, 2010, plaintiff was ordered to show cause why his case should not be dismissed for failing to file his amended complaint as required by the court's previous order.[4] On December 29, 2010, the court dismissed the case without prejudice for failure to comply with the court's orders.[5] Judgment was entered for defendants.[6]

### III.  DISCUSSION

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."[7] Consistent with this principle, under Local Rule 54.3, a motion for attorneys' fees must "set forth the authority for the award, whether Rule 82, Alaska Rules of Civil Procedure . . . or other grounds."[8]

Defendants argue they are entitled to an award of attorneys' fees under Alaska Rule of Civil Procedure 82. That rule provides that "[i]n cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[9]

---

[2] Doc. 36.

[3] Doc. 40.

[4] Doc. 43.

[5] Doc. 44.

[6] Doc. 45.

[7] *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

[8] D. Ak. LR 54.3(a)(2).

[9] Alaska R. Civ. P. 82(b)(2).

-2-

The Alaska Supreme Court has "allowed an award of Rule 82 fees against a plaintiff who sought and received a voluntary dismissal without prejudice."[10] The Alaska Supreme Court has "also indicated that when litigation is dismissed as a result of the delay or intransigence of one of the litigants, the trial court may deem the other litigant the prevailing party for purposes of Rule 82."[11] Plaintiff's complaint was dismissed without prejudice for failure to comply with the court's orders. An award of attorneys' fees under Rule 82 is appropriate in this instance.[12]

Defendants have incurred $17,372 in fees defending this action. The court has reviewed the documents supporting that figure, which reflects 103.10 hours over approximately eight months (or approximately 13 hours per month), and concludes that it is reasonable. Rule 82 entitles defendants to 20 percent of that figure.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion at docket 49 is **GRANTED** as follows: plaintiff shall pay the sum of $3,474.40 to defendants within 30 days of this order.

DATED at Anchorage, Alaska, this 15th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10] *State v. Johnson*, 958 P.2d 440, 444 (Alaska 1998) (citing *Miller v. Wilkes*, 496 P.2d 176, 178 (Alaska 1972)).

[11] *Id.* (citing *Hart v. Wolff*, 489 P.2d 114, 119 (Alaska 1971)).

[12] *Id.* at 444 n.5 (noting that "a contrary rule would require that in an action dismissed as a result of a party's failure to comply with court deadlines, the trial court must (1) wait to see if the losing party files a new action, and if so, (2) await the result of the new action on the merits before (3) designating a prevailing party in the original action. Such an approach would be inefficient, and would fail to tax dilatory litigants for the additional costs they imposed by requiring their opponents to respond to two actions.").