UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. VAN VELZOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CENTRAL GARDEN & PET ) <br> COMPANY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 3:10-cv-00085 JWS <br><br> ORDER AND OPINION <br><br> [Re:   Motions at Dockets 55, 56 & 57] |

## I.  MOTION PRESENTED

At docket 55, plaintiff Mark A. Van Velzor ("plaintiff" or "Mr. Van Velzor") moves to reopen the case.  At docket 56, plaintiff moves to stay the judgment and taxing of costs.  At docket 57, plaintiff requests that no appeal bond be required.  Defendants Central Garden & Pet Company and Petco Animal Supplies Stores, Inc. (collectively "defendants") oppose the motions at docket 64.  Mr. Van Velzor's reply is at docket 66. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Mr. Van Velzor maintained that defendants sold a substrate that harmed his monitor lizard.  Plaintiff initially filed suit in Alaska state court and asserted claims for products liability and unfair trade practices based on the alleged misrepresentation of

the substrate's suitability for monitor lizards. The case was removed on the basis of diversity jurisdiction.[1]

On October 5, 2010, plaintiff moved for leave to amend his complaint.[2] On October 29, 2010, the court granted plaintiff's motion and ordered the plaintiff to file his amended complaint within 14 days.[3] On November 24, 2010, plaintiff was ordered to show cause why his case should not be dismissed for failing to file his amended complaint as required by the court's previous order.[4] On December 29, 2010, the court dismissed the case without prejudice for failure to comply with the court's orders.[5] Judgment was entered for defendants.[6] Mr. Van Velzor has appealed to the Ninth Circuit Court of Appeals.

### III. DISCUSSION

**A. Motion to Reopen Case and Motion for No Appeal Bond**

Local Rule 7.1 requires that the document which initiates a motion must be accompanied by "a brief statement of points and authorities relevant to the relief requested."[7] Moreover, "[f]ailure to include proper materials in support of . . . a motion . . . subjects the motion to summary ruling by the court."[8] Where "the failure is by the moving party, it may be deemed an admission that the motion is without merit."[9]

Plaintiff's motion to reopen the case and his motion for no appeal bond are unaccompanied by supporting memoranda. Although plaintiff's *pro se* status entitles

---

[1] *See, e.g.*, doc. 26 (denying plaintiff's motion to remand).

[2] Doc. 36.

[3] Doc. 40.

[4] Doc. 43.

[5] Doc. 44.

[6] Doc. 45.

[7] D.Ak. LR 7.1(a)(2).

[8] D.Ak. LR 7.1(e).

[9] D.Ak. LR 7.1(e)(1).

him to special consideration under some circumstances, compliance with procedural rules is inflexible. "Pro se litigants must follow the same rules of civil procedure that govern other litigants."[10] That includes local rules, and alleged ignorance of the rules does not excuse noncompliance.[11] Pursuant to Local Rule 7.1, Mr. Van Velzor's motion to reopen the case and motion for no appeal bond are deemed to be without merit.

**B. Motion for Stay of Judgment and Taxing of Costs**

Mr. Van Velzor's motion to stay the judgment is accompanied by a supporting memorandum. The factors governing whether a stay should be issued pending appeal are the same factors as those governing preliminary injunctive relief.[12] Those factors are (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of a stay, (3) the balance of equities tips in the moving party's favor, and (4) a stay is in the public interest.[13]

Consistent with those factors, on motion for a stay pending appeal, the moving party must show, "[a]t one end of the continuum . . . (1) a strong likelihood of success on the merits, and (2) the [likelihood] of irreparable injury to plaintiff if preliminary relief is not granted."[14] "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in his favor."[15] "These two formulations represent two points on a sliding scale in which

---

[10]*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[11]*See Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986).

[12]*See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[13]*Winter v. NRDC*, 129 S.Ct. 365, 374 (2008).

[14]*Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (internal quotations omitted); *see Winter v. NRDC*, 129 S.Ct. 365, 375 (2008) (concluding that a "possibility" of irreparable injury is "too lenient").

[15]*Id.* at 1116 (internal quotations omitted).

the required degree of irreparable harm increases as the probability of success decreases."[16] The public interest is considered separately.[17]

Mr. Van Velzor argues that he is likely to succeed on the merits of his appeal of the order denying his motion for remand. Specifically, he argues that the amount in controversy was below the jurisdictional requisite when the case was removed. Therefore, he argues, the court had no basis to exercise subject matter jurisdiction and the case should have been remanded to state court.

"Generally, the amount in controversy is determined from the face of the pleadings."[18] When the amount in controversy is not evident from the face of the complaint, the removing defendant may present other facts supporting the requisite amount in controversy.[19] Here, defendants presented other facts consistent with a finding that the amount in controversy was above the jurisdictional requirement–most notably, Mr. Van Velzor's motion to amend his complaint.[20] Mr. Van Velzor's motion is compelling because in it he argued that even though his complaint did not explicitly "list four separate damages" for each defendant, that is what he sought.[21] Because Mr. Van Velzor conceded in his motion to amend at the state level that his complaint actually sought $269,928, he has not demonstrated a likelihood of success on the merits of his appeal.

Even if Mr. Van Velzor had demonstrated some likelihood of success on the merits of his appeal, however, he has not demonstrated a likelihood of irreparable injury. He argues that the harm to defendants is minimal if the judgment is stayed–because they are large corporations–and that the harm he will experience if the

---

[16]*Id.* (internal quotations omitted).

[17]*Id.*

[18]*Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

[19]*See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997).

[20]*See* doc. 19-5 at 4.

[21]*Id.*

judgment is enforced is irreparable because he is unemployed. Mr. Van Velzor argues that the judgment will greatly "impair his ability to appeal this action."[22] The court notes that Mr. Van Velzor has already paid a filing fee and that there are mechanisms in place for those who cannot afford to pay such fees. Moreover, any injury suffered as a result of the judgment is not irreparable.

Mr. Van Velzor has not made any showing that the balance of equities tips in his favor, beyond the relative financial position of the parties. He argues that a stay would be in the public interest because his case potentially concerns many animal owners. Although Mr. Van Velzor's *case* might be in the public interest, he has not demonstrated that a *stay* is in the public interest.

### IV. CONCLUSION

For the reasons above, plaintiff's motions at dockets 55, 56, and 57 are **DENIED**.

DATED at Anchorage, Alaska, this 16th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22]Doc. 59 at 27.